WM. PIATT & WM. WATTS *v.* JOHN PIATT'S ADM'R.

**Executors and Administrators—Assignee of Claim.**

The estate of an assignee of a claim can not be held to lose the benefit of the assignment merely because the personal representative failed to become a party to the suit in which the assignor was prosecuted, and which he might well believe would secure the rights of the estate.

APPEAL FROM BOONE CIRCUIT COURT.

January 17, 1873.

OPINION BY JUDGE PETERS:

By a transfer in writing dated April 18, 1861, Jacob Piatt and his wife, for the expressed consideration of $900, assigned to John Piatt all their interest in a judgment which then had been recovered against David Piatt, executor of Robert Piatt, deceased, and all their interest in the estate of said testator.

After that judgment was rendered, and said assignment was made, said judgment was reversed, and upon entering the mandate of the court, it seems that Jacob Piatt prosecuted the claim against the executor, which finally resulted in a judgment for a much smaller amount than was the first judgment; but there is neither allegation nor evidence that the contract for his assignment was ever rescinded, or that John Piatt or his representative had abandoned their claim to it. Cauby proves he was present when the contract was made; that the consideration named in the writing was actually paid in his presence, partly in money and partly in a debt which Jacob owed John Piatt.

It does not appear that Jacob was indebted to appellants when he assigned the claim to John Piatt and we can not conclude that the estate of the assignee should lose the benefit of the assignment merely because the personal representative failed to become a party

to the suit which his assignor was prosecuting, and which he might well believe would secure his right.

Judgment *affirmed*. Judge Pryor not sitting.

*Drane, for appellants.*

*Rodman, for appellee.*